Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Home Box Office, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOME BOX OFFICE, INC.<br>*Plaintiff*<br><br>v.<br><br>OOSHIRTS INC. d/b/a TEECHIP<br>*Defendant* | **Civil Action No. 18-cv-4645**<br><br>**COMPLAINT** |

Plaintiff Home Box Office, Inc. ("Plaintiff" or "HBO"), a corporation organized and existing under the laws of the State of Delaware, by and through its undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil action for: copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*; counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c); trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§

1051 *et seq.*; and false designation of origin and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (the "Action"), arising from the infringement of the HBO IP (as defined *infra*) by Defendant ooShirts Inc. d/b/a TeeChip ("Defendant" or "TeeChip") through its, among other things, manufacturing, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of infringing and/or counterfeit versions of the HBO Products (defined *infra*).  Plaintiff seeks injunctive relief, an accounting, compensatory damages and/or statutory damages, treble damages, attorneys' fees and costs, and such other relief as the Court deems proper.

## JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; pursuant to 28 U.S.C. § 1338(b) as an action arising out of claims for false designation of origin and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this district and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this district, and has caused damage to Plaintiff in this district.

4.     Personal jurisdiction exists over Defendant because upon information and belief, Defendant regularly conducts, transacts and/or solicits business in New York and in this district, supplies its goods (including, on information and belief, Infringing Products, as defined

*infra*) and services to consumers in New York and in this district, derives substantial revenue from its business transactions in New York and in this district, and/or otherwise avails itself of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

## THE PARTIES

5.     HBO is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1100 Avenue of the Americas, New York, NY 10036.

6.     Upon information and belief, TeeChip is a corporation organized and existing under the laws of the State of California, with its principal place of business at 41454 Christy Street, Freemont, CA 94538.

## GENERAL ALLEGATIONS

### Plaintiff's Well-Known Intellectual Property

7.     Plaintiff owns and operates the United States' most successful premium television service, which produces and distributes award-winning television programming, including but not limited to the following HBO Original Series (collectively, the "HBO Series"): The Sopranos, Sex and the City, Silicon Valley, and Game of Thrones ("GOT").

8.     The HBO Series are watched by millions of people every week.

9.     The HBO Series have received extensive critical acclaim.  HBO has received the most Primetime Emmy® Awards of any network for sixteen (16) years in a row.  GOT holds the record for the most awards for a primetime scripted television series, with thirty-eight (38) awards to date.

10.     HBO is the owner of all registered and unregistered copyrights, trademarks

and other intellectual property rights in and to the HBO Series, including, without limitation, GOT, as well as all rights in and to specific quotations, sayings and/or excerpts of dialogue from the HBO Series (e.g., without limitation, "Winter is Coming", and "Valar Morghulis") (collectively, "HBO IP").

11.     HBO, through its authorized licensees, manufactures, imports, exports, advertises, markets, promotes, distributes, offers for sale and/or sells various enormously popular consumer products featuring the HBO IP ("HBO Products"), such as t-shirts, hoodies, posters, and mugs, among many others.

12.     HBO has protected its valuable rights by filing for and obtaining U.S. copyright registrations relating to the HBO IP.  For example, HBO is the owner of the following U.S. Copyright Registration Nos.: VAu 1-065-047 covering the Stark Sigil, VAu 1-065-052 covering the Lannister Sigil, VAu 1-193-128 covering the Targaryen Sigil, VAu 1-065-049 covering the Baratheon Sigil, VAu 1-065-074 covering the GreyJoy Sigil, VAu 1-065-080 covering the Bolton Sigil, VAu 1-065-071 covering the Tully Sigil, VAu 1-065-126 covering the Tyrell Sigil, VAu 1-065-096 covering the Martell Sigil, VAu 1-065-073 covering the Arynn Sigil, VAu 1-065-092 covering the Frey Sigil, and VA 1-937-703 covering The Iron Throne (collectively, the "HBO Works").  True and correct copies of the U.S. copyright registration certificates and the corresponding deposit materials for the HBO Works are attached hereto as **Exhibit A** and incorporated herein by reference.

13.     Additionally, while HBO has gained significant common law trademark and other rights in the HBO IP through its use, advertising, and promotion of the same, HBO has also sought to protect its valuable rights by filing for and obtaining federal trademark registrations.  For example, HBO owns the following U.S. Trademark Registrations Nos.: 4,388,348 for "GAME OF

4

THRONES" for goods in Class 9, 4,074,517 for "GAME OF THRONES" for goods in Class 25,

4,187,110 for "GAME OF THRONES" for goods in Class 18, 4,168,270 for "GAME OF

THRONES" for goods in Class 16, 4,376,748 for "GAME OF THRONES" for goods in Class 20,

4,010,151 for "GAME OF THRONES" for goods in Class 21, 4,396,574 for "GAME OF

THRONES" for goods in Class 8, 4,632,648 for "GAME OF THRONES" for goods in Class 24,

4,448,239 for "GAME OF THRONES" for goods in Class 30, 4,045,540 for "GAME OF

THRONES" (stylized) for goods in Class 25, 4,724,981 for "GAME OF THRONES" for goods in

Class 14, 4,996,157 for "WINTER IS COMING" for goods in Class 25, 4,874,426 for "WINTER

IS COMING" for goods in Class 21, 5,221,282  for "HODOR" for goods in Class 21, and

5,221,281 for "HODOR" for goods in Class 25 (collectively, the "HBO Marks").  True and correct

copies of the trademark registration certificates for the HBO Marks are attached hereto as **Exhibit

B** and incorporated herein by reference.

14.    HBO has spent substantial time, money, and effort in building up and

developing consumer recognition, awareness, and goodwill in the HBO Products and HBO IP,

including the HBO Works and HBO Marks.

15.    As a result of HBO's merchandising efforts, the quality of its HBO

Products, its promotions, extensive press and media coverage, and word-of mouth-buzz, the HBO

Products and HBO IP, including the HBO Works and HBO Marks, have become prominently

placed in the minds of the public.  Members of the public have become familiar with the HBO

Products and HBO IP, including the HBO Works and HBO Marks, and have come to recognize

the HBO Products and HBO IP and associate them exclusively with HBO.

16.    HBO and its HBO Marks have acquired a valuable reputation and goodwill

among the public as a result of such associations.

17.     HBO has gone to great lengths to protect its interests in and to the HBO IP, including the HBO Works and HBO Marks.  No one other than HBO is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the HBO IP without the express written permission of HBO.

### Defendant's General Business & Operations

18.     Defendant is in the business of operating an online platform, located at www.teechip.com ("TeeChip Website"), which, upon information and belief, has been up and running since 2011, through which print-on-demand consumer products—primarily t-shirts, hoodies, mugs, phone cases and posters—that are manufactured by Defendant are offered for sale and/or sold ("TeeChip Products").

19.     Upon information and belief, Defendant, with locations in Indiana, Pennsylvania and California, owns its own printing facilities, and ships to over two hundred (200) countries.

20.      Defendant  advertises that 1 in 30 people in the United States own a t-shirt printed by TeeChip.  *See* http://www.teechipcares.com/what-we-do/.

21.     Upon information and belief, Defendant solicits, encourages and/or enables third-party users ("User(s)") to initiate "campaigns" ("Campaign(s)") for TeeChip Products. When setting up a Campaign, a User must upload design(s) to the TeeChip Website, which are then printed onto TeeChip Products by, or at the direction of, Defendant and then shipped by Defendant directly to consumers.

22.     Per the TeeChip Website, all a User has to do is "create a [C]ampaign, upload a design, and we'll [TeeChip] handle the rest".  *See* http://mastermind.teechip.com/what-we-do/.

6

23.     On the TeeChip Website, Defendant explicitly provides a "quality guarantee", which specifies that Defendant employs "200 production associates in the United States", "every single product goes through the hands of a skilled press operator, and a quality control associate before ending up at your [the consumer's] door", and that all printing is done "in-house", as TeeChip does not contract its work out to third-parties.[1]

24.     At the conclusion of each Campaign, Defendant pays each User only a certain percentage of the profits generated therefrom, if in excess of $20 USD.

25.     Upon information and belief, not only does Defendant manufacture and ship the TeeChip Products, but Defendant also handles all customer service functions, including customer complaints, and the processing thereof.

26.     The Users that create the Campaigns and upload the designs onto the TeeChip Website remain anonymous to the public, as Users—whether by their true name, an account name or a pseudonym—are not identified anywhere on the pages for the Campaigns and TeeChip Products.

27.     Upon information and belief, Defendant directly advertises and/or aids, encourages and/or facilitates the advertisement and promotion of TeeChip Products, including Infringing Products (defined *infra*), by, among other things, providing Users, particularly those utilizing the TeeChip Pro or VIP Seller programs, with certain marketing and analytic tools (*see* https://teechip.com/sellers?brandTab=packingSlipUpsell, which advertises the "comprehensive toolkit" that TeeChip offers to enable its Users to grow their sales to "the next level" and http://mastermind.teechip.com, entitled "Master the Tools to Become A Top Seller") in order to maximize sales of TeeChip Products, including Infringing Products (defined *infra*), and profits to

---

[1] *See*  https://legacy.teechip.com/quality_guarantee.

Defendant.

28.     When Users create Campaigns, per its Terms of Use, Defendant is given "a worldwide, non-exclusive, perpetual, irrevocable, royalty-free, fully paid, sublicensable, and transferable license to use, reproduce, modify, create derivative works based on, distribute, publicly display, and publicly perform" the uploaded design(s) for advertising and promotional purposes, including "through the teechip.com website and through our [TeeChip's] social media channels, such as Facebook — in any medium and by any means currently existing or yet to be devised."

29.     Upon information and belief, Defendant directly profits off of each and every sale of the TeeChip Products, including Infringing Products (defined *infra*).

**Defendant's Continued and Repeated Wrongful and Infringing Conduct**

30.     In light of the tremendous success of the HBO Series, the HBO IP, including, specifically, the HBO Works and HBO Marks, have become targets for individuals and entities who wish to take a free ride on the goodwill, reputation and fame that HBO has amassed in the HBO IP, including, without limitation, the HBO Works and HBO Marks.

31.     In or about June 2016, HBO learned of Defendant's actions, which vary and include, but are not limited to: manufacturing, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling consumer products (i.e., TeeChip Products) bearing marks and/or designs that are confusingly or substantially similar to, identical to, and/or constitute infringement of one or more of the HBO IP (collectively hereinafter referred to as, "Infringing Products") to consumers in the United States (including those located in the State of New York), as well as throughout the world, through the TeeChip Website.

32.     Defendant has not only manufactured, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Infringing Products, but has also used and/or permitted the continued use of the HBO IP, and/or designs and/or marks that are substantially or confusingly similar thereto, in connection with the sale of such Infringing Products on the TeeChip Website (e.g., in the URLs, in the listing titles, as tags, etc.), and has permitted the continued use of the HBO Marks, and/or marks that are confusingly similar thereto, as search terms on the TeeChip Website.

33.     Defendant currently has, and since at least July 2016 has had, actual knowledge of Infringing Products available on the TeeChip Website and Campaigns featuring Infringing Products.  For example, attached hereto as **Exhibit C** are charts and screenshots comprised of a sampling of Infringing Products, which were available on the TeeChip Website on or about July and/or August 2016, along with certain promotions for the same, of which Defendant had specific notice.

34.     Despite having been placed on clear notice of its infringing activities, Defendant continued, and still continues, to manufacture, advertise, market, promote, distribute, display, offer for sale, and/or sell Infringing Products and to use and/or encourage and/or permit the use of the HBO IP, and/or designs and/or marks that are substantially or confusingly similar thereto, on or in connection with the sale of such Infringing Products on the TeeChip Website.  A chart comprised of examples of Infringing Products available on the TeeChip Website as of April 17, 2018, some of which still remain available to date, is attached hereto as **Exhibit D**.

35.     Defendant has continued to engage in such illegal and infringing actions as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of the

HBO IP.

36.     By these dealings in Infringing Products (including, but not limited to: manufacturing, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendant has violated Plaintiff's rights, and has used images, designs and/or marks that are confusingly and/or substantially similar to, identical to, and/or constitute infringement of the HBO IP, including, without limitation, the HBO Works and HBO Marks, in order to confuse consumers and aid in the promotion and sale of its Infringing Products.

37.     Prior to and contemporaneous with its unlawful actions alleged herein, Defendant had knowledge of the HBO IP, including the HBO Works and HBO Marks, and Plaintiff's exclusive rights therein, and of the extraordinary fame and strength of HBO IP, as well as the incalculable goodwill associated therewith, and in bad faith adopted the HBO IP.

38.     Defendant's illegal and infringing actions, as alleged herein, will cause confusion, mistake, and deceive consumers, the public, and the trade with respect to the source or origin of Defendant's Infringing Products, and cause consumers to erroneously believe that such Infringing Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

39.     Through these actions, Defendant has, among other things, willfully and in bad faith committed the following, all of which have caused and will continue to cause irreparable harm to Plaintiff: infringed the HBO Works, counterfeited and infringed the HBO Marks; engaged in unfair competition; and unfairly profited from such activities at Plaintiff's expense.

40.     Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Direct Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

41.      Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

42.      Plaintiff is the owner of the HBO Works.

43.      Defendant had actual notice of Plaintiff's exclusive rights in and to the HBO Works.

44.      Defendant did not attempt and failed to obtain Plaintiff's consent or authorization to use, reproduce, copy, display, prepare derivative works of, distribute, sell, and/or market Plaintiff's HBO Works on or in connection with Infringing Products.

45.      Without permission, Defendant knowingly and intentionally reproduced, copied and displayed Plaintiff's HBO Works by directly manufacturing, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products, which bear one or more of Plaintiff's HBO Works, or artwork that is, at a minimum, substantially similar to Plaintiff's HBO Works.

46.      Defendant's unlawful and willful actions alleged herein, constitute infringement of Plaintiff's HBO Works, including, without limitation, Plaintiff's exclusive rights to reproduce, distribute and/or sell the same in violation of 17 U.S.C. § 501(a).

47.      As a direct and proximate result of Defendant's knowing and intentional copyright infringement alleged herein, Plaintiff has suffered irreparable harm in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless enjoined, Defendant will continue to cause such irreparable harm, loss and damage to Plaintiff.

48.     Based on Defendant's unlawful and infringing actions alleged herein, Plaintiff is entitled to injunctive relief 17 U.S.C. § 502, Plaintiff's actual damages and Defendant's profits in an amount to be proven at trial infringement pursuant to 17 U.S.C. § 504(b) or, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 504(c) and enhanced discretionary damages for willful copyright infringement, and reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
### (Direct Trademark Counterfeiting)
### [15 U.S.C. §§ 1114(1)(b), 1116(d) and 1117(b)-(c)]

49.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

50.     Plaintiff is the owner of all right and title in and to Plaintiff's HBO Marks.

51.     Plaintiff has used continuously its HBO Marks in interstate commerce since at least as early as the dates of first use reflected in its registrations, which are attached hereto as **Exhibit B**.

52.     Without Plaintiff's authorization or consent, and with knowledge of HBO's well-known and prior rights in its HBO Marks, and Plaintiff's exclusive rights therein, and with knowledge that the Infringing Products bear counterfeit marks, Defendant intentionally reproduced, copied and/or colorably imitated the HBO Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the HBO Marks on or in connection with the manufacturing, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products.

53.     Defendant has manufactured, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Infringing Products to the purchasing public in direct

competition with Plaintiff, and its authorized licensees, in or affecting interstate commerce, and/or has acted with reckless disregard of Plaintiff's rights in and to the HBO Marks, through its participation in such activities.

54.     Defendant has applied its reproductions, counterfeits, copies and colorable imitations of the HBO Marks to promotions and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Infringing Products, which is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive consumers, the public and the trade into believing that the Infringing Products sold by Defendant originate from, are associated with, or are otherwise authorized by Plaintiff, thereby making substantial profits and gains to which they are not entitled to in law or equity.

55.     Defendant's unauthorized use of the HBO Marks on or in connection with the Infringing Products was done with notice and with full knowledge that such use was not authorized or licensed by Plaintiff, and with the deliberate intent to unfairly benefit from the incalculable goodwill inherent in the HBO Marks.

56.     Defendant's actions constitute willful counterfeiting of the HBO Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

57.     As a direct and proximate result of Defendant's illegal actions as alleged herein, Defendant has caused monetary loss and irreparable injury and damage to Plaintiff, its business, its reputation and its valuable rights in and to the HBO Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no

adequate remedy at law, and unless enjoined, Defendant will continue to cause such irreparable injury, loss and damage to Plaintiff.

58.     Based on Defendant's actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendant's unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, treble damages and/or an award of statutory damages per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (Direct Infringement of Registered Trademarks)
### [15 U.S.C. § 1114/Lanham Act § 32(a)]

59.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

60.     Plaintiff is the owner of all right and title in and to Plaintiff's HBO Marks.

61.     Plaintiff has continuously used its HBO Marks in interstate commerce since at least as early as the dates of first use reflected in its registrations, which are attached hereto as **Exhibit B**.

62.     Plaintiff, as the owner of all right, title and interest in and to Plaintiff's HBO Marks has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

63.     Defendant was, at the time it engaged in its actions as alleged herein, actually aware that Plaintiff is the owner of the HBO Marks.

64.     Defendant did not seek, and failed to obtain, consent or authorization from Plaintiff to deal in and commercially manufacture, advertise, market, promote, distribute, display,

offer for sale and/or sell HBO Products and/or related products bearing the HBO IP, including the HBO Marks, into the stream of commerce.

65.     Defendant knowingly and intentionally manufactured, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Infringing Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the HBO Marks and/or that are identical and/or confusingly similar to the HBO Marks.

66.     Defendant knowingly and intentionally reproduced, copies and colorably imitated the HBO Marks and applied such reproductions, copies or colorable imitations to online listings and/or advertisements used in commerce upon or in connection with the manufacturing, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of the Infringing Products.

67.     Defendant's egregious and intentional use of the HBO Marks in commerce on or in connection with the Infringing Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Infringing Products, and is likely to deceive the public into believing that the Infringing Products are genuine HBO Products or are otherwise associated with, or authorized by, HBO.

68.     Defendant's actions have been deliberate and committed with full knowledge of Plaintiff's rights in and to the HBO Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

69.     Defendant's continued, knowing and intentional use of the HBO Marks without Plaintiff's consent or authorization, constitutes intentional infringement of the HBO Marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

70.     As a direct and proximate result of Defendant's illegal and infringing actions as alleged herein, Plaintiff has suffered monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the HBO Marks and the goodwill associated therewith in an amount as yet to be unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless enjoined, Defendant will continue to cause such irreparable injury, loss and damage to Plaintiff.

71.     Based on Defendant's actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (False Designation of Origin & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

72.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

73.     Plaintiff, as the sole owner of all right and title in to the HBO IP, including, without limitation, the HBO Marks, has standing to maintain an action for false designation of origin and unfair competition under the Lanham Act § 43(a), 15 U.S.C. § 1125.

74. The HBO Marks are inherently distinctive and/or have acquired distinctiveness.

75. Defendant knowingly and willfully used in commerce product designs that are identical or confusingly or substantially similar to and constitute a reproduction of the HBO IP, including the HBO Marks, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Infringing Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public to believe, in error, that Defendant's substandard Infringing Products are genuine HBO Products or related products, and/or that Defendant's Infringing Products are authorized, sponsored, approved, endorsed or licensed by HBO, and/or that Defendant is affiliated, connected or associated with HBO, thereby creating a likelihood of confusion by consumers as to the source of such Infringing Products, and allowing Defendant to capitalize on the goodwill associated with, and the consumer recognition of, the HBO IP, including the HBO Marks, to Defendant's substantial profit in blatant disregard of Plaintiff's rights.

76. By manufacturing and/or assisting and encouraging third parties to manufacture and by itself advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products, that are identical to, confusingly similar to or colorable imitations of the HBO IP, including the HBO Marks, and using designs and/or marks that are identical and/or confusingly or substantially similar to, or which constitute colorable imitations of the HBO IP, Defendant has traded off the extensive goodwill of Plaintiff and its HBO Products to induce and did induce, and intends to, and will continue to, induce customers to purchase its Infringing Products, thereby directly and unfairly competing with

Plaintiff.  Such actions have permitted, and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which it has amassed through its nationwide marketing, advertising, sales and consumer recognition.

77.     Defendant knew or, by the exercise of reasonable care, should have known, that its adoption and commencement of and continuing use in commerce of designs and/or marks that are identical or confusingly and substantially similar to and constitute a reproduction of the HBO IP would cause confusion, mistake, or deception among purchasers, users, the public and the trade.

78.     Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the trade and the purchasing public and with the intent to trade on the goodwill and reputation of Plaintiff, the HBO Products and the HBO IP.

79.     As a direct and proximate result of Defendant's aforementioned actions, Defendant has caused irreparable injury to Plaintiff by depriving Plaintiff of sales of the HBO Products and by depriving Plaintiff of the value of the HBO IP, including the HBO Marks, as commercial assets, for which it has no adequate remedy at law, and unless restrained, Defendant will continue to cause irreparable injury to Plaintiff and the goodwill and reputation associated with the value of the HBO IP in an amount as yet unknown, but to be determined at trial.

80.     Based on Defendant's wrongful actions, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.     For an award of Plaintiff's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of Plaintiff's HBO Works under 17 U.S.C. § 501(a);

B.     In the alternative to Plaintiff's actual damages and Defendant's profits for copyright infringement of Plaintiff's HBO Works pursuant to 17 U.S.C. § 504(b), for statutory damages pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

C.     For an award of Defendant's profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a), and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally, directly and/or indirectly, using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

D.     In the alternative to Defendant's profits and Plaintiff's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services and/or for the willful encouragement, enabling, facilitation, participation in and/or material contribution to such use, an award of statutory damages pursuant to 15 U.S.C. § 1117(c) per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

E.      For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of the HBO Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

F.      For an award of Defendant's profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

G.      For a permanent injunction by this Court enjoining and prohibiting Defendant, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

       i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

      ii.   directly or indirectly infringing in any manner any of the copyrights, trademarks or other exclusive rights of HBO (whether now in existence or hereafter created) including, without limitation, the HBO IP, HBO Works and HBO Marks;

     iii.   using any reproduction, counterfeit, copy or colorable imitation of the copyrights, trademarks or other exclusive rights of HBO (whether now in existence or hereafter created) including, without limitation, the HBO IP,

20

HBO Works and HBO Marks, to identify any goods or services not authorized by Plaintiff;

iv.  using any of HBO's copyrights, trademarks or other exclusive rights of HBO (whether now in existence or hereafter created) including, without limitation, the HBO Works or HBO Marks, or any other designs, artwork or marks that are substantially or confusingly similar to the HBO Works or HBO Marks on or in connection with Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in the Infringing Products;

v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, retailed, offered for sale, or sold by Defendant and Defendant's commercial activities by Plaintiff;

vi.  engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the advertising and/or dealing in any Infringing Products;

      vii.   engaging in any other actions that constitute unfair competition with Plaintiff;

    viii.   engaging in any other act in derogation of Plaintiff's rights;

      ix.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

      x.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ix) above; and

H.     For an order from the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing Products as described herein, including prejudgment interest.

I.     For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession that rightfully belong to Plaintiff;

J.     For an award of exemplary or punitive damages in an amount to be determined by the Court;

K.     For Plaintiff's reasonable attorneys' fees;

L.     For all costs of suit; and

M.     For such other and further relief as the Court may deem just and equitable.

Dated: May 25, 2018                     Respectfully submitted,

                                        **EPSTEIN DRANGEL LLP**


                                        BY: /s/ Jason M. Drangel
                                        Jason M. Drangel (JD 7204)
                                        jdrangel@ipcounselors.com
                                        Kerry B. Brownlee (KB 0823)
                                        kbrownlee@ipcounselors.com
                                        60 East 42nd Street, Suite 2520
                                        New York, NY 10165
                                        Telephone: (212) 292-5390
                                        Facsimile: (212) 292-5391
                                        *Attorneys for Plaintiff*
                                        *Home Box Office, Inc.*